Mary MAGGOS, Deceased; Catherine M. Adkins, Special Administator, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 00–71424.

IRS No. 20877–93.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided March 4, 2002.

Before D.W. NELSON and HAWKINS, Circuit Judges;  and FITZGERALD,

District Judge *.

## MEMORANDUM **

Mary Maggos's estate claims that the IRS should not have assessed a gift tax on Mary's stock redemption because the redemption is rescindable under Illinois law. Alternatively, the estate claims that the gift tax amount assessed was too great because the Tax Court failed to take into account the settlement proceeds from the federal district court litigation. We affirm on the first claim and remand on the second.

### 1. Incomplete Gift Argument

■ Mary's estate argues that the stock redemption is rescindable under Illinois law because Nikita breached his fiduciary duty as a trustee when he purchased trust property—namely the 567 shares of PCAB stock. This argument fails because the 567 PCAB shares were owned by Mary in her individual capacity when she redeemed them. The 567 shares of PCAB stock were taken out of the trust (by both Mary and Nikita as co-trustees) and transferred to Mary in her individual capacity prior to the stock redemption transaction. Because the shares were owned by Mary when they were redeemed, Nikita never purchased trust property.

■ Likewise, we also reject the various other arguments the estate offers to suggest that the transaction would be rescindable, including Nikita's alleged fiduciary duty to his mother, fiduciary duty as an officer/director of PCAB, and state and federal securities law violations. The common core to all of these claims is that Nikita had material information that he never shared with Mary so that he could get the shares for less than market value. We agree that the Tax Court properly identified the problem with these claims: the transaction was designed to effect an estate freeze. An estate freeze works best (or maybe only works at all) when the asset to be frozen is valued at the low end of market value. Thus, as the Tax Court concluded, the fair market value of the PCAB shares that were redeemed was not of material concern to Mary; she was a willing and informed party to the transaction, and her decision to redeem her shares was not induced by any chicanery.

### 2. Settlement Proceeds Argument

■ The Tax Court never addresses in its opinion the estate's argument that the proceeds from the March 1998 settlement should be counted as additional consideration for Mary's PCAB stock ("settlement proceeds argument"). We find that the failure to address this argument was error, and requires a remand to the Tax Court.

After reviewing the record in this case, we find that the settlement proceeds argument was properly raised below. The government attempts to justify the Tax Court's failure to address the settlement proceeds argument by arguing that the estate did not raise the issue in its pre-trial memorandum. This however would have been practically impossible; the district court litigation wasn't settled until more than six months *after* the deadline for submitting the pre-trial memo. In addition, and once the case had proceeded to trial, the Tax Court should have been on notice of the settlement proceeds argument after Mr. Grigsby's exchange with the court during trial (during the examina-

* The Honorable James M. Fitzgerald, Senior District Judge for the district of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion of Catherine Adkins) and after receiving the estate's post-trial breifing.

We therefore remand the case to permit the Tax Court to address explicitly the estate's settlement proceeds argument. More specifically, on remand the estate should have the opportunity to come forward with evidence to satisfy its burden of showing what portion of the settlement proceeds should be treated as additional consideration for the PCAB stock. Once the Tax Court determines what amount, if any, of the settlement proceeds should be viewed as additional consideration, that amount should be factored in when calculating the amount of gift tax due. *See, e.g., Tribune Publ'g Co. v. United States,* 836 F.2d 1176, 1179 (9th Cir.1988) ("In sum, we engage in the fiction of treating the settlement proceeds received by Tribune as if they had been received as part of the original transaction.").

The matter is therefore REMANDED to the Tax Court for proceedings consistent with this disposition.